# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiffs, ) | Case No. 11-CV-606 |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| JERROD SANDERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On August 28, 2008, Jerrod Sanders was convicted by a jury for knowingly possessing a firearm as a convicted of a felony. He was sentenced to term of 105 months' imprisonment. On July 23, 2010, the Court of Appeals for the Seventh Circuit affirmed Sanders' conviction and sentence. Sanders has now filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that his attorney failed to take several steps in his defense, amounting to ineffective assistance of counsel in violation of his Sixth Amendment rights and warrants an order to vacate from this Court. For the reasons set forth below, Sanders' request is denied.

**Background[1]**

On July 14, 2007, Chicago police officers executed a search warrant at a suspected drug house located at 5950 South Union in Chicago, Illinois. Upon forcing entry to the home, the police performed a protective sweep of the home and followed with a search. During their search, the officers observed approximately 17 people using drugs and alcohol. The police

---

[1] The facts set forth below are drawn from the Seventh Circuit's opinion, *see United States v. Sanders*, 614 F.3d 641, (7th Cir. 2010), except where noted.

proceeded to handcuff and then pat down in search of weapons the people found inside the home. Petitioner, Jerrod Sanders, was in one of the rooms searched by the police. When the officers entered that room, they ordered all occupants to get on the floor. Instead of moving to the floor pursuant to the officer's directions, Sanders began to fumble with his hands. Officer Pendarvis, began to loudly instruct Sanders to move to the floor. Upon giving Sanders multiple instructions without success, Officer Pendarvis pulled Sanders to the ground, handcuffed him and performed a search of his body. The body search revealed a 9mm semi-automatic handgun in his front pants pocket.

The police arrested and transported Sanders and several others to a Chicago Police Station. Upon reviewing Sanders' rap sheet, Officer Pendarvis asked Sanders, "Oh, you were going to shoot me, huh?" apparently referencing Sanders' earlier refusal to move to the floor as the officer instructed. Sanders replied with words to the effect of, "No, I was trying to tell you that I had a gun." Officer Kocanda also spoke with Sanders the evening of his arrest and asked him about the gun. Sanders admitted that he bought the gun from someone for $50.

Sanders was indicted on one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Following a trial, the jury convicted Sanders and the court sentenced him to 105 months' imprisonment, a three-year term of supervised release, a $600 fine, and a $100 special assessment.

Sanders appealed his conviction arguing that the district court erred in limiting the testimony that he could elicit at trial relating to the sufficiency of *Miranda* warnings. Sanders also challenged the basis for the district court's application of a sentencing enhancement. The Seventh Circuit Court of Appeals rejected each of Sanders' arguments and affirmed his

conviction on July 23, 2010. Now, Sanders moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

**Legal Standard**

Relief under 28 U.S.C. § 2255 is available only upon a showing that the district court imposed a sentence in violation of the Constitution or laws of the United States. *Shell v. United States*, 448 F.3d 951, 954 (7th Cir. 2006) (citing *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000)); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Section 2255 "relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). A district court may dismiss a motion filed pursuant to § 2255 without conducting a hearing if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004).

Sanders asserts that his sentence should be vacated due to ineffective assistance of counsel. To establish such a claim, a petitioner must show that counsel's performance was so deficient that it fell below an objective standard of reasonableness and that his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*. 466 U.S. 668, 687-88, 104 S.Ct 2052, 2064, 80 L.Ed. 2d 674 (1984). Judicial scrutiny of an attorney's performance is highly deferential, and the court indulges a strong presumption that such performance falls within the wide range of reasonable professional assistance. *Id.* at 689. The petitioner satisfies the prejudice prong by showing that counsel's errors were so serious as to deprive the petitioner a fair trial and that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 687, 694. Failure to prove either of the two

prongs, deficient performance or sufficient prejudice, defeats the ineffectiveness claim. *Id*. at 700. The Court need not address petitioner's arguments on both prongs if petitioner's argument for one prong is clearly inadequate. *Richardson v. United States*, 379 F. 3d 485, 487-88 (7th Cir. 2004).

**Discussion**

Sanders argues that his counsel was ineffective in several ways. He argues that his attorney (1) failed to inform him that a guilty plea would have led to at least a two-level U.S. Sentencing Guideline ("Guideline") reduction, (2) failed to argue that his sentence should have been decreased because Sanders was currently serving a state sentence when he was convicted of his federal offense, (3) admitted into evidence an affidavit that led to a two-level Guideline enhancement and (4) failed to call a single witness at Sander's suppression hearing. We will address each of Sanders' arguments in turn.

*1. Failure to Inform Sanders of the Options*

Sanders first claims that his attorney failed to inform him about the potential to receive a Guideline benefit for acceptance of responsibility for pleading guilty. Sanders argues that a guilty plea would have resulted in at least a two-level Guideline reduction to his sentence resulting in a 57-71 month range as opposed to an 84-105 month range. When counsel's failure to inform a defendant of the option to plead guilty is the basis for a claim of ineffectiveness of counsel, the petitioner must show that there is a reasonable probability that but for the attorney's error, the petitioner would have pled guilty and not insisted on going to trial. *United States v. Neely*, 2001 WL 521841, *1, 7 (N.D. Ill. 2001) (citing *Baker v. United States*, 7 F.3d 629 (7th Cir. 1993) (petitioner seeking to vacate guilty plea must show reasonable probability that without counsel's errors he would not have plead guilty).

Sanders' petition and affidavit are devoid of any allegation that he would have pleaded guilty if he would have known about the potential availability of the acceptance of responsibility reduction. Sanders fails to provide the Court with any explanation of how, and to what degree knowledge of the availability of the acceptance of responsibility reduction would have affected his decision making process. See *Neely*, 2001 WL 521841 at 7. Moreover, even if Sanders would have pled guilty had he been aware of the acceptance of responsibility reduction, such a reduction is not automatic. *United States v. Black*, 636 F. 3d 898, 901 (7th Cir. 2011). The court is free to impose a reasonable sentencing decision in its own discretion. Therefore, even if Sanders had pled guilty, there is no guarantee that Sanders would have received any or all of the possible two-level reduction. At trial, the court had already determined that Sanders falsified his affidavit and was guilty of obstruction of justice. One who obstructs justice within the meaning of Guideline 3C1.1 does not ordinarily receive an acceptance of responsibility reduction. *Black*, 636 F. 3d at 900. A finding of obstruction of justice generally suggests that the defendant has *not* accepted responsibility for his crime. *United States v. Gonzales*, 608 F.3d 1001, 1007-08 (7th Cir. 2010). Therefore, it is unlikely that the court would have granted the two-level reduction to lower Sanders' sentencing guideline range based on his acceptance of responsibility. Accordingly, Sanders' claim of ineffective assistance of counsel on this basis is denied.

2. *Failure to Argue that Sanders Should Have Received a 17 Month Sentencing Decrease Based Upon His Time Served in State Custody.*

Sanders also argues that counsel was ineffective for failing to argue that he should have received credit under Guideline § 5G1.3(c) for the 17 months he spent in state custody when his probation was revoked for committing the instant offense. According to Sanders, his attorney's failure to raise the possible application of Guideline § 5G1.3(c) resulted in the court's failure to consider the 17 months that Sanders had already served in state prison when the court calculated

the term for his federal sentence. Sanders argues that had the 17 month sentence been considered, his sentence could have been reduced to 40-54 months, 51 months fewer than the 105 month sentence he received and is currently serving.

Section 5G1.3(c) provides that "[i]n any other case [not provided for in subsection (a) or (b)] involving an undischarged term of imprisonment, the sentence to be imposed for the instant offense may be imposed to run concurrently, partially concurrently or consecutively to the prior undischarged term of imprisonment currently being served." U.S.S.G. § 5G1.3(c). Therefore, subsection (c) of the statute gives the court *discretion* to adjust a defendant's sentence to account for that time already served, but does not *mandate* that the court adjust the sentence. U.S.S.G. § 5G1.3.

Sanders' situation does indeed come under the purview of § 5G1.3(c). Subsection (c) covers situations like this case where a defendant was on federal or state probation, parole or supervised release at the time of the instant offense and has had his release revoked and begins to serve a term of imprisonment. At the time of his sentencing, Sanders had already served 17 months in state prison for violating his probation as a result of the instant charge of possession of a handgun. Pursuant to Guideline § 5G1.3(c), the court had the discretion to credit Sanders with time served. However, the Guideline Sentencing Commission recommends the sentence for the instant offense be imposed consecutively to the sentence imposed for revocation as opposed to concurrently. *See* Application note 3(C) to § 5G1.3(c). Even if Sanders' counsel argued for a sentence modification pursuant to § 5G1.3(c), it is improbable that the court would have chosen to reduce Sanders' sentence based upon his time served in state prison based on the Commission's recommendation. When counsel focuses on some issues, to the exclusion of others, particularly those that are less probable, there is a strong presumption that he does so for

tactical reasons rather than through sheer neglect. *See Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 5 (2003). Accordingly, Sanders' attorney's failure to request consideration of Guideline § 5G1.3(c) does not amount to ineffective assistance of counsel, given that counsel was acting within a range of reasonableness in choosing that strategy and his conduct did not prejudice the outcome of Sanders' case.

3. *Admitting into Evidence Sanders's False Affidavit*

Petitioner also argues that his attorney was ineffective because he submitted into evidence a false sworn affidavit at Sanders' motion to suppress hearing. Sanders contends that this error ultimately led to a two-level enhancement of his sentence for obstructing justice, which could have been avoided by using evidence other than defendant's affidavit. Sanders asserts that reliance on the affidavit, to the exclusion of the other evidence, amounted to ineffective assistance of counsel.

As was noted by the Second Circuit Court of Appeals, if a motion to suppress is supported by a defendant's affidavit and the court denies the motion and finds the affidavit to be false, then the accused is automatically subject to a perjury enhancement for obstruction of justice. *United States v. Agudelo*, 414 F.3d 345, 350 (2d Cir. 2005). Of course, however, if a petitioner supports a motion to suppress with an affidavit and the motion is granted, then certain evidence will be barred to the petitioner's benefit. Engaging in tactics even risky ones that have the potential to produce both favorable and adverse outcomes for a client does not amount to ineffective assistance. A strategy decision of this nature cannot be recast as attorney error simply because the adverse outcome was the outcome that ultimately occurred.

Furthermore, the petitioner was not prejudiced by the attorney's decision to submit an affidavit in the motion to suppress hearing. The petitioner obtained a destruction of justice

enhancement not because he submitted his own affidavit, but because the affidavit submitted was false. Although Sanders contends that his attorney drafted the false statements in the affidavit, he has presented no evidence that his attorney was aware the statements were false or that he knowingly advised Sanders to sign the affidavit. An unsupported bare accusation of this kind is insufficient to demonstrate ineffective assistance of counsel. *Watts v. United States*, 2010 U.S. Dist. LEXIS 18590, *10-11 (E.D. Wis. Mar. 2, 2010). With no evidence to show that counsel advised or otherwise participated in Sanders' swearing to the false statements in the affidavit, Sanders is therefore responsible for his own conduct and the resulting higher sentence. It was the falsity of the affidavit that prejudiced the petitioner, not his attorney's conduct.

*4. Failure to Present Witnesses to Testify in Support of Sanders at the Suppression Hearing.*

At his suppression hearing, Sanders' attorney failed to call any witnesses to verify his claim that he did not receive any *Miranda* warnings, but instead, attempted to obtain testimony on this issue during trial. Sanders argues that Daphne Stewart-Green, Linda Robinson and Lina Alexander were present at the time of his arrest and could have corroborated his testimony that he did not receive any *Miranda* warnings from the arresting officer prior to his admission of gun possession. The failure to call any of those three witnesses amounted to ineffective assistance of counsel. Sanders contends that had these witnesses been called during the suppression hearing, petitioner's statements regarding his gun possession would have been suppressed, leaving the respondent with insufficient evidence to support his conviction.

In support, Sanders cites to *Bynum v. United States*, in which defendant sought to suppress certain confessions he made to police officers, claiming they were coerced. *Bynum v. Lemmon*, 560 F.3d 678, 681 (7th Cir. 2009). Instead of relying on the defendant's testimony at the suppression hearing, the defendant's counsel relied on cross-examination of the police

officers during trial to solicit testimony as evidence of the coercion. *Id.* at 681-84. The Seventh Circuit Court of Appeals reasoned that a motion to suppress involuntary confessions could not succeed without evidence of coercion and, in that case, the defendant was the only person who could testify to the coercion. *Id.* Therefore, counsel's failure to allow Bynum to testify fell below an objective standard of reasonableness. *Id.* at 685. Nevertheless, the Seventh Circuit affirmed the denial Bynum's petition for habeas relief because Bynum failed to demonstrate that he was prejudiced by his counsel's ineffectiveness.

Here, similar to *Bynum*, for a defendant to prevail on a motion to suppress inadmissible statements, evidence that the statements are inadmissible is necessary. Therefore, counsel's failure to provide the only evidence, namely eye-witness testimony from Stewart-Green, Robinson and Alexander, may fall below an objective standard of reasonableness. To succeed in obtaining relief, however, Sanders, like Bynum, must show that he was prejudiced by this conduct. Sanders fails to present any evidence to show that the result of his trial would have been different had his attorney called these witnesses to testify. This Court cannot assume that Sanders would have been acquitted had the motion to suppress been granted because there was considerable evidence against Sanders outside his incriminating statements. At trial, the government presented evidence that Office Pendavaris recovered a gun after conducting a body search on Sanders. Further, Officer Piper and another officer witnessed Officer Pendarvis recover the gun. Therefore, even if Sanders' motion to suppress had been granted, the only evidence that would have been inadmissible would be Sanders' incriminating statements. The corroborating testimony of the three police officers stating that a gun was recovered upon a search of Sanders' person would have been admissible. Where there is considerable evidence of guilt other than the confessions that were at issue in the suppression hearing, failure to prevail on

a motion to suppress does not necessarily amount to prejudice. *Pole v. Randolph*, 570 F.3d 922, 949 (7th Cir. 2009). To demonstrate prejudice from counsel's deficient performance, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Sanders fails to demonstrate prejudice from his attorney's failure to suppress his Sanders' statements.

      Based on the foregoing analysis, this Court denies Sanders' section 2255 petition to vacate his conviction.

IT IS SO ORDERED.

Date: September 24, 2012

Entered:_____
                Sharon Johnson Coleman